# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

SHANAN E. WILSON,

        Plaintiff,

vs().

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 11-CV-615-FHM

## OPINION AND ORDER

Plaintiff, Shanan E. Wilson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]  Plaintiff's June 6, 2006, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard Kallsnick was held August 3, 2010.  By decision dated August 19, 2010, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on August 9, 2011.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 35 years old on the alleged date of onset of disability and 39 on the date of the ALJ's denial decision.  She has a high school education and formerly worked as a bus driver and as a meat clerk.  She claims to have been unable to work since June 8, 2006 as a result of depression, anxiety, personality disorder, asthma, obesity, and degenerative disc disease of the lumbar spine.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to perform light work, is limited to simple unskilled work, superficial contact with co-workers and supervisors, minimal contact with the public, but is able to adapt to work situations. [R. 15]. Although Plaintiff was unable to perform her past relevant work, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a

claimant is disabled.  See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: failed to perform a proper determination at step five of the evaluative sequence; failed to properly consider the medical source opinions; and performed a faulty credibility determination.

## Analysis

### Step 5 Analysis

Plaintiff asserts broadly that the ALJ "failed to make a proper determination at step 5 of the sequential evaluation process." [Dkt. 12, p. 2-3].  Under this heading, Plaintiff makes the more specific argument that the ALJ's decision should be reversed because the RFC and the hypothetical question posed to the vocational expert failed to contain moderate limitations in the ability to interact appropriately with supervisors and in the ability to appropriately respond to usual work situations and changes in a routine work setting, which are limitations identified by the psychological consultative examiner.

There is no merit to Plaintiff's contention.  The ALJ's RFC limited Plaintiff to simple, unskilled work, only superficial contact with co-workers and supervisors, and no contact with the public. [R. 15].  The hypothetical question asked of the vocational expert contains these same limitations:

> I want to limit her to  . . . unskilled work activities.  She can relate to coworkers and supervisors for worker-related [sic] purposes only.  She could not relate to the general public.  She could adapt to a work situation under those circumstances.

[R. 95].

The consultative examiner, Denise LaGrand, Psy.D., checked boxes on a Medical Source Statement of Ability to Do Work-Related Activities (Mental) form indicating that Plaintiff had moderate limitations in her ability to interact appropriately with supervisors and respond appropriately to usual work situations and to changes in a routine work setting. In answer to the requirement to identify the factors to support her assessment, Dr. LaGrand wrote: "reports fired from several jobs for 'insubordination'." [R. 484]. On the form Dr. LaGrand completed, a "moderate" limitation is defined as one where "[t]here is more than a slight limitation in this area but the individual is still able to function satisfactorily." [R. 483]. The court finds that the RFC limitations of performing simple unskilled work, minimal contact with the public, and only superficial contact with co-workers and supervisors fully encompass Dr. LaGrand's findings.

### Consideration of Medical Source Opinions

Plaintiff argues that the ALJ erred by failing to explain what weight he assigned medical opinions in the record. Plaintiff argues that the ALJ was required to explain why he chose the opinion of the non-examining, non-treating State agency reviewer over the consultative examiner's opinion. The court finds that the ALJ included the limitations the consultative examiner found to exist in the RFC and that there is no support for this allegation of error.

### Credibility Analysis

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d

4

1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). Plaintiff argues that the ALJ's credibility determination is faulty. Plaintiff points out that the decision contains boilerplate language, the use of which has been criticized.

Despite the ALJ's inclusion of unhelpful stock language about the credibility finding, the credibility determination is sufficiently linked to the record and supported by substantial evidence. The ALJ's decision might have been organized more clearly, however a close reading of his decision shows that the ALJ disbelieved Plaintiff's allegations of disabling pain and an inability to function based on a variety of factors. The ALJ noted Plaintiff's infrequent visits to her counselor. [R. 18]. He noted that she reported no current mental health treatment to the psychological consultative examiner and highlighted that one of the reasons Plaintiff gave for the lack of treatment was "not needed." *Id*. The results of the MMPI test were invalid due to over reporting of atypical symptomology. [R. 19]. The ALJ also noted the objective findings on physical examination, including stability of knees, 5/5 grip strength, the ability to do gross and fine manipulation with the hands, and range of motion findings. [R. 19-20]. The ALJ thus properly linked his credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

Under the credibility heading, Plaintiff makes an argument related to the ALJ's performance of the psychiatric review technique (PRT). The ALJ found "the claimant has not experienced any extended episodes of decompensation." [R. 15]. Plaintiff argues that her admission to a mental hospital for suicidal ideation should count as an episode of decompensation. [Dkt. 12, p. 6-7]. The court observes that it appears from the record that Plaintiff was admitted to the Grove General Hospital from July 8 to July 11, 2007. [R. 424-

454]. The meaning of episodes of decompensation of extended duration is explained in the regulations at 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.00 (C)(4) and means an episode "lasting for at least 2 weeks." Plaintiff cited this section in arguing that "[s]urely [the 3-day hospital stay] counts as at least one episode of deterioration or decompensation," but does not explain how the 3-day hospital stay meets the definition. The court finds no error in the ALJ's treatment of the hospital stay.

## Conclusion

The court finds that the ALJ's decision is supported by substantial evidence and the correct legal standards were applied to this case. The Commissioner's decision is therefore AFFIRMED.

SO ORDERED this 19th day of December, 2012.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE