**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

SHANAN E. WILSON,

                Plaintiff,

vs.

                Case No. 11-CV-615-FHM

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

                Defendant.

## OPINION AND ORDER

Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, [Dkt. 25] and Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, [Dkt. 31], are before the undersigned United States Magistrate Judge for decision.

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires the United States to pay attorney fees and costs to a "prevailing party" unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d).  The United States bears the burden of proving that its position was substantially justified.  *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987). The term "substantially justified" means "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person."  "Substantially justified" is more than "merely undeserving of sanctions for frivolousness." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

> [A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*Id.* at n.2.  A position may be substantially justified even though it was not supported by substantial evidence.  If this were not the case, there would be "an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).  Reasoning that such an automatic award of fees under the EAJA would be contrary to the intent of Congress, the Tenth Circuit has adopted the majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1267.  In evaluating whether the government's position was substantially justified, the focus is on the issue that led to remand, rather than the ultimate issue of disability. *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995).  The  position that must be justified for EAJA purposes is the government's litigation position. *United States v. 2116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir. 1984).

The  issue that resulted in remand was the ALJ's treatment of an opinion by consultative mental examiner, Dr. LaGrand.  Dr. LaGrand examined Plaintiff and stated the following about Plaintiff's ability to work:

> From a psychological standpoint, based on her reported symptoms, history, and performance on this exam, her ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers is estimated to be low average.

[R. 480].  Dr. LaGrand completed a Medical Source Statement of Ability To Do Work-Related Activities (Mental) form in which she checked that Plaintiff had a "moderate" limitation in her ability to interact appropriately with supervisor(s), and to "respond appropriately to usual work situations and to changes in a routine work setting." [R. 484].

The ALJ noted the above in his decision along with other observations made by Dr. LaGrand.  [R. 18-19].  The ALJ did not specify the weight he accorded Dr. LaGrand's opinion, but made the following statement:

> As for the opinion evidence, the record does not contain any opinions from treating or non-treating physicians indicating that the claimant is disabled, or has medical or functional limitations greater than those determined in this decision.

[R. 20].  In questioning the vocational expert, the ALJ limited Plaintiff to relating to coworkers and supervisors "for worker-related purposes only."  [R. 95].  The ALJ stated Plaintiff could not relate to the general public.  He stated:  "[s]he could adapt to a work situation under those circumstances," which included simple unskilled work.  *Id*.

On appeal to the Tenth Circuit[1] Plaintiff argued that the hypothetical question did not contain a moderate restriction in the ability to interact appropriately with supervisors; to respond appropriately to usual work situations; and to respond appropriately to changes in a routine work setting as reported by Dr. LaGrand.  Plaintiff asserted: "[i]t is well established that the ALJ cannot selectively apply some of an expert's limitations and ignore others.  *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)."   [Brief of Appellant/Claimant – 10th Circuit Case No. 13-5016; Document 01019051581, p. 25].

In response to this argument, the Commissioner argued that, as indicated by the ALJ reference to Dr. LaGrand's report, the ALJ considered that report.  The Commissioner further argued that the ALJ's residual functional capacity (RFC) determination and hypothetical questions are consistent with Dr. LaGrand's findings.  The Commissioner

---

[1]  To evaluate the government's position in relation to the arguments asserted by Plaintiff on appeal to the Tenth Circuit, in addition to reviewing the arguments presented in the briefs in relation to the instant motion, the undersigned has obtained and reviewed the parties' briefs to the Tenth Circuit.

noted that the ALJ limited Plaintiff to simple, unskilled work, and minimal contact with the public and acknowledged that Plaintiff was limited in her ability to relate to supervisors and coworkers.  Yet, the ALJ found that Plaintiff could nonetheless "remain attentive and responsive in a work setting and carry out normal work assignments satisfactorily."  [Brief for Appellee – 10th Circuit Case No. 13-5016; Document 01019083388, pp. 22-23].  The Commissioner argued that the limitations the ALJ specified are consistent with Dr. LaGrand's opinions given the definitions of the terms "mild" and "moderate" contained on the form that Dr. LaGrand completed.  *Id*. at 23.  Further, the Commissioner asserted that, contrary to the suggestion made by Plaintiff, the ALJ was not required to use the exact words contained in the form completed by Dr. LaGrand.  Rather, the functional limitations are properly expressed in terms of work-related functions as expressed by the ALJ.  *Id*. pp. 23-24].

The Tenth Circuit reversed the ALJ's decision and remanded the case stating it agreed with Plaintiff "that the ALJ's RFC, as stated in the decision, is not generally consistent with Dr. LaGrand's medical opinion, and the ALJ's failure to weigh that opinion and explain why he accepted some, but not all, of its moderate restrictions, was not harmless error."  [Dkt. 24, p. 8].[2]

---

[2]  One could read the Tenth Circuit decision as being critical of the Commissioner's argument.  The Tenth Circuit stated that the Commissioner's argument that the ALJ's RFC is consistent with and encompasses Dr. LaGrand's findings is based on the definition of "moderate" in the mental RFC form–the same contention that was rejected in *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007).  [Dkt. 24, p. 8].  That statement might lead to the conclusion that the Commissioner's primary argument for affirmance of the ALJ's decision was based on the definition of "moderate" in the form completed by Dr. LaGrand.  However, that is not the case.  Consideration of the form's definition of "moderate" was only one aspect of the Commissioner's argument, and certainly was not the main focus.

The question before the undersigned is whether the Commissioner's position was "substantially justified," which in the words of the Supreme Court is a position "a reasonable person could think [ ] correct" in that "it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. at 565, n.2.   The undersigned finds that the Commissioner's position meets this test.  The ALJ thoroughly summarized Dr. LaGrand's examination and opinion, devoting an entire page of the decision to Dr. LaGrand's information.  The ALJ framed the hypothetical question to the vocational expert as limiting Plaintiff's ability to adapt to work to the limited circumstances expressed in the hypothetical.  The ALJ commented in the decision that "the record does not contain any opinions from treating or non-treating physicians indicating that claimant is disabled, or has medical or functional limitations greater than those determined in this decision." [R. 20].  Taking these factors into consideration, the Commissioner's position that the ALJ's RFC accounted for and encompassed Dr. LaGrand's findings was substantially justified.  As a result the request for an award of attorney fees pursuant to EAJA is properly denied.

Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, [Dkt. 25], and Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, [Dkt. 31], are DENIED.

SO ORDERED this 6th day of February, 2014.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

5