IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANAN E. WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case Number 11-CV-615-FHM ) |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff's Counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b), [Dkt. 45], is before the court. The Commissioner did not file a Response to Plaintiff's motion and time to do so has expired. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed he does not object to the requested fee award. [Dkt. 47].

On December 10, 2013, the court remanded this case to the Commissioner for further administrative action. [Dkt. 28]. On November 5, 2015, the Commissioner issued a fully favorable decision awarding benefits to Plaintiff. Retroactive benefits in the amount of $20,998.00 were awarded.

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under § 406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(I) for filing a motion for attorney fees has expired. *McGraw*, 450

F.3d at 505. On December 16, 2015 the court granted counsel's motion to extend the date for filing the motion for fees under § 406(b) until 60 days after the Notice of Award was issued. [Dkt. 44]. The motion for fees is timely filed.

42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

Plaintiff and counsel entered into a contract, [Dkt. 45-3], which is a contingency fee arrangement that provides if the attorney prevails before the federal court on Plaintiff's behalf and Plaintiff is awarded benefits by the Social Security Administration, Plaintiff agrees to pay counsel a fee for federal court work equal to 25% of the past due benefits.

The court concludes that the requested fee award of $5,249.50 which is 25% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable. That award comports with the contract between counsel and Plaintiff and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $112.41 per hour for 46.7 hours of work performed before the district court, which does not amount to a windfall. Counsel previously moved the court for EAJA fees, [Dkts. 25, 31], which were denied. [Dkt.

32]. Thus, there are no EAJA fees to be returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986).

Plaintiff's Attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b), [Dkt.45], is GRANTED as follows:

Counsel is awarded $5,249.50 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees.

SO ORDERED this 7th day of March, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE